# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STACEY J. HAWKINS** | * | |
| 3230 Miller Ave. Apt. A | | |
| Baltimore, MD 21220, | * | |
| | | |
| *Plaintiff* | * | |
| | | |
| v. | * | **Civil Action No.: 1:15-cv-3167** |
| | | |
| **ROBERT N. KILBERG, P.A.** | * | |
| 12095 Long Lake Drive | | |
| Owings Mills, MD 21117 | * | |
| | | |
| Serve on: | * | |
| | | |
| **Robert N. Kilberg** | * | |
| 12095 Long Lake Drive | | |
| Owings Mills, MD 21117 | * | |
| | | |
| **and** | * | |
| | | |
| **BOND'S SURE SERVE, INC.** | * | |
| 23 Spring Glen Court | | |
| Cockeysville, MD 21030 | * | |
| | | |
| Serve on: | * | |
| | | |
| **Raymond Bond** | * | |
| 23 Spring Glen Court | | |
| Cockeysville, MD 21030 | * | |
| | | |
| **and** | * | |
| | | |
| **EDWIN F. CIHLAR** | * | |
| 23 Spring Glen Court | | |
| Cockeysville,MD 21030, | * | |
| | | |
| *Defendants.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Plaintiff Stacey J. Hawkins, through her undersigned counsel and for her Complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, et seq. (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, et seq. (hereinafter "MCPA").

2. Plaintiff Stacey J. Hawkins alleges that the collection practices of Defendants violate the FDCPA, MCDCA and MCPA in their illegal efforts to collect a consumer debt.

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b).

4. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from

using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

5. The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6. The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l*

*Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

7. The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

8. To prohibit abuses by debt collectors, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use "any false deceptive, or misleading representation or means in connection with the collection of any debt." In addition, the FDCPA at 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

9. The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204. Specifically, the MCDCA states that a "person collecting or attempting to collect an alleged debt arising out of a consumer transaction," *id*. § 14–201(b), may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Id. § 14–202(8).

10. The Maryland Consumer Protection Act ("MCPA") prohibits "unfair or deceptive trade practices," Md. Code Ann., Com. Law § 13–301, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MCDCA. *Id*. § 13–301(14)(iii).

## JURISDICTION AND VENUE

11. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

12. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

13. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Plaintiff resides within the District of Maryland.

## PARTIES

14. Plaintiff Stacey J. Hawkins ("Ms. Hawkins") is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person who has been subjected to attempts to collect a consumer debt allegedly owed on a residential lease that was used for personal, family, or household purposes. Plaintiff was at all times a "consumer" as defined in the MCPA, Md. Code Ann., Com Law, § 13-101(c)(1). Plaintiff is a "person" as that term is defined by the MCDCA and MCPA, Md. Code Ann., Com Law, §§13-101(h) and 14-201(d).

15. Defendant Robert N. Kilberg, P.A. is organized under Maryland law and is registered to do business in Maryland and is regularly engaged, for profit, in the collection of debts allegedly owed by consumers and uses the United States Mail in furtherance of its collection of debts alleged to be due another.

16. Defendant Bond's Sure Serve, Inc. is organized under Maryland law and is registered to do business in Maryland and is regularly engaged, for profit,

in the collection of debts allegedly owed by consumers to be due another.

17. Defendant Edwin F. Chilar is an individual employed by Defendant Bond's Sure Serve, Inc. and is regularly engaged, for profit, in the collection of debts allegedly owed by consumers to be due another.

18. At all relevant times Defendants acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA. Defendant Robert N. Kilberg, P.A. regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendants Bond's Sure Serve, Inc. and Edwin F. Chilar also collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Although Defendants Bond's Sure Serve, Inc. and Edwin F. Chilar hold themselves out to be process servers, they are not covered by the process server exemption, 15 U.S.C. § 1692a(6)(D), because the unfair and harassing conduct at issue in this dispute was outside the scope of serving or attempting to serve legal process.

19. At all relevant times each Defendant acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

20. The acts of Defendants alleged herein were performed by their respective employees acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

### A. The Subject Debt

21. Plaintiff incurred and later allegedly defaulted on a debt (the "subject debt") allegedly owed to a landlord.

22. The subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA, as it allegedly arose out of the lease of an apartment that was used primarily for personal, family, or household purposes.

### B. Defendants Engages in Abusive and Deceptive Tactics

23. On or about November 19, 2014, Defendant Robert N. Kilberg, P.A. filed a debt collection lawsuit against the Plaintiff to collect the subject debt.

24. Shortly thereafter an employee of Defendant Robert N. Kilberg, P.A. named "Byron" started calling the Plaintiff at her place of work and leaving messages with Plaintiff's co-workers that disclosed that he believed the Plaintiff owed the subject debt. These calls were not placed to acquire, confirm or correct location information concerning the Plaintiff and were made on more than one occasion.

25. In placing these phone calls to the Plaintiff, Defendant Robert N. Kilberg, P.A. violated 15 U.S.C. § § 1692b and 1692c(b) which provides that a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer.

26. Defendant Robert N. Kilberg, P.A. then retained the services of

Defendants Bond's Sure Serve, Inc. and Edwin F. Chilar to serve the debt collection lawsuit on the Plaintiff and provided them with the phone number of Plaintiff's place of work. Defendant Edwin F. Chilar improperly called the Plaintiff's place of work and left a message with a co-worker named Steven Ellis stating that if the Plaintiff did not immediately return the telephone call the caller would come to the Plaintiff's place of employment and arrest her.

27. Defendants Bond's Sure Serve, Inc. and Edwin F. Chilar acted outside of the scope of legitimate efforts to serve legal process in connection with the judicial enforcement of a debt.

### C. **Plaintiff Suffered Actual Damages.**

28. As a direct consequence of the acts, practices and conduct of Defendants, Plaintiff suffered emotional distress, embarrassment and humiliation.

### COUNT I

### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692, *et. seq*.

29. Plaintiff incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

30. As alleged above, in its attempts to collect the aforementioned subject debt, Robert N. Kilberg, P.A. violated 5 U.S.C. §§ 1692b and 1692c(b) when on one or more occasions its agent or employee communicated with Plaintiff's co-workers about the subject debt.

31. As alleged above, in its attempts to collect the aforementioned subject debt, Defendants Bond's Sure Serve, Inc. and Edwin F. Chilar violated 5 U.S.C. §§ 1692b and 1692c(b) when on one or more occasions it communicated with Plaintiff's co-workers.

32. As alleged above, in his attempt to collect the aforementioned subject debt, Defendant Edwin F. Chilar acting as an agent for Defendant Bond's Sure Serve, Inc. engaged in conduct the natural consequences of which was to harass or abuse in connection with the collection of a debt in violation of 15 U.S.C. § 1692d when he left a message with a co-worker of the Plaintiff stating that if the Plaintiff did not return the call he would come to Plaintiff's place of employment and arrest her.

33. As a direct consequence of the acts, practices and conduct of Defendants, Plaintiff suffered emotional distress, embarrassment and humiliation.

## COUNT II
## Violation of the Maryland Consumer Debt Collection Act

34. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

35. Plaintiff incurred the subject debt primarily for personal, family, or household purposes and are therefore a "consumer transaction" as that term is defined by the Maryland Consumer Debt Collection Act.

36. As alleged above, in its attempts to collect the aforementioned

subject debt, Robert N. Kilberg, P.A. violated Md. Com. Code § 14-202(5) when on one or more occasions its agent or employee communicated with Plaintiff's co-workers.

37.  As a direct consequence of the acts, practices and conduct of Defendant Robert N. Kilberg, P.A., Plaintiff suffered emotional distress, embarrassment and humiliation.

## COUNT III
## Violation of the Maryland Consumer Protection Act

38.  Plaintiff re-alleges and incorporates by reference the allegations set forth above.

39.  Plaintiff is a consumer as defined by the MCPA, Maryland Code Annotated, Commercial Law § 13-101(c).

40.  Under § 13-301(14)(iii) of the MCPA, unfair or deceptive trade practices also include any violation of the MCDCA.

41.  As a direct consequence of the acts, practices and conduct of Defendant Robert N. Kilberg, P.A., Plaintiff suffered emotional distress, embarrassment and humiliation.

WHEREFORE, Plaintiff, Stacey J. Hawkins, respectfully prays for a judgment against Defendant as follows:

a.  Actual damages of $10,000.00 pursuant to 15 U.S.C. § 1692k(a)(1), Md. Code. Ann., Com. Law. § 14-203; and Md. Code Ann., Com. Law § 13-408;

b.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)

(A);

  c. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Code Ann., Com. Law § 13-408; and

  d. For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Dated: October 19, 2015    Respectfully Submitted,


            /s/E. David Hoskins
            E. David Hoskins, Esq., Bar No. 06705
            THE LAW OFFICES OF E. DAVID HOSKINS, LLC
            16 East Lombard Street, Suite 400
            Baltimore, Maryland 21202
            (410) 662-6500 (Tel.)
            davidhoskins@hoskinslaw.com