IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STACEY J. HAWKINS, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-15-3167 |
| ROBERT N. KILBERG, P.A., | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Stacey J. Hawkins ("Plaintiff") filed an action against Robert N. Kilberg, P.A., a Maryland law firm ("Kilberg" or "Defendant"),[1] seeking damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law §§ 14-201 *et seq.*; and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101 *et seq.*

Now pending before the Court is Defendant's Motion to Dismiss Count III (the MCPA count) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 16.) The issues have been briefed (ECF Nos. 16–1, 18 & 19), and no hearing is required, Local Rule 105.6 (D. Md. 2014). For the reasons explained below, Defendant's Motion to Dismiss will be GRANTED.

---

[1] Plaintiff initially named Bond's Sure Serve, Inc. ("BSSI"), a Maryland corporation, and Edwin F. Cihlar, an employee of BSSI, as codefendants in this suit. However, pursuant to a private settlement agreement between the parties, the Court dismissed BSSI and Cihlar on November 18, 2015 (ECF No. 14), leaving Kilberg as the sole Defendant.

I. *Background*[2]

Plaintiff alleges that Defendant, a purported debt collector within the meaning of the FDCPA[3] and the MCDCA,[4] has engaged in "illegal efforts to collect a consumer debt" arising from an apartment lease agreement on which she apparently defaulted. (ECF No. 1 ¶¶ 2, 22.) On January 13, 2015, Defendant filed a debt-collection lawsuit against Plaintiff on behalf of Regional Management, Inc. ("RMI"), Plaintiff's former landlord, in the District Court for Baltimore City. (ECF No. 16–2 at 1.)[5] That court granted judgment to RMI on May 14, 2015. (*Id.* at 3.) During this same period, Plaintiff alleges that "Byron," an employee of Defendant's, began calling her at her workplace and leaving messages about the subject debt with her coworkers. (ECF No. 1 ¶ 24.) Plaintiff adds that Defendant retained the services of former codefendants Bond's Sure Serve, Inc. ("BSSI"), and Edwin F. Cihlar (an employee of BSSI), and that Cihlar also improperly phoned Plaintiff's workplace. (*Id.* ¶ 26.)

Plaintiff filed a three-count action on October 19, 2015, claiming that Defendant violated certain provisions of the FDCPA (Count I) and the MCDCA (Count II) and that, by violating the MCDCA, Defendant further committed an unfair/deceptive trade practice pursuant to the MCPA (Count III). On December 1, 2015, Defendant filed the pending Motion to Dismiss Count III.

---

[2] The facts are recited here as alleged by Plaintiff, this being a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

[3] The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

[4] The MCDCA defines a "[c]ollector" as a "person collecting or attempting to collect an alleged debt arising out of a consumer transaction." Md. Code Ann., Com. Law § 14-201(b).

[5] Defendant appended the relevant state docket as Exhibit 1 to its Motion to Dismiss. Because this docket is a public record, and because Plaintiff cross-references the state-court action in her Complaint, the Court may consider the contents of the docket without thereby converting Defendant's Motion into one for summary judgment. *See Lewis v. Newton*, 616 F. App'x 106, 106 (4th Cir. 2015) (mem.) ("A district court is required to consider . . . documents attached to a motion to dismiss that are integral to and relied on in the complaint. In addition, a court may take judicial notice of matters of public record in considering a motion to dismiss." (citation omitted)).

(ECF No. 16.)  Plaintiff filed a response in opposition (ECF No. 18), and Defendant replied (ECF No. 19).  Defendant's Motion to Dismiss is now ripe for decision.

## II.   Standard of Review[6]

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In analyzing a Rule 12(b)(6) motion, the Court views all well-pleaded allegations in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]"  *Twombly*, 550 U.S. at 556.  Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

## III.  Analysis

The MCDCA generally prohibits debt collectors from disclosing "to a person other than the debtor or his spouse" information that "affects the debtor's reputation . . . with knowledge that the other person does not have a legitimate business need for the information."  Md. Code Ann., Com. Law § 14-202(5).  Any disclosure in contravention of this provision may expose the

---

[6] The Court is puzzled by Plaintiff's citations to Maryland Rule 2-322(b) and related case law.  (*See* ECF No. 18 at 3.)  It is beyond settled that motions to dismiss for failure to state a claim filed in federal court are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure—particularly where, as here, jurisdiction is premised on a federal question (arising under the FDCPA).  *See Rowland v. Patterson*, 852 F.2d 108, 110 (4th Cir. 1988) ("Federal courts apply federal rules of procedure, both those promulgated in the Federal Rules of Civil Procedure as well as wholly judge made procedural rules, unless the *Erie* doctrine commands otherwise."), *on reh'g*, 882 F.2d 97 (4th Cir. 1989) (en banc); *cf. Dern v. Liberty Mut. Ins. Co.*, Civ. No. GJH-15-1737, 2015 WL 8665329, at *2 n.4 (D. Md. Dec. 11, 2015) ("Although in its motion Defendant relies on the standard for dismissal under Maryland Rule 2-322, the Court will treat the Motion as one to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).").

debt collector to civil liability. Com. Law § 14-203. Moreover, a violation of the MCDCA is a *per se* violation of the MCPA. *See* Md. Code Ann., Com. Law § 13-301 ("Unfair or deceptive trade practices include any . . . [v]iolation of a provision of . . . the Maryland Consumer Debt Collection Act[.]"). Plaintiff avers that Defendant violated the MCDCA through its phone calls to her place of employment; accordingly, Plaintiff believes that Defendant violated the MCPA.

In its pending Motion, Defendant does not seek dismissal of Plaintiff's MCDCA claim (or, for that matter, her analogous FDCPA claim). Defendant does, however, seek dismissal of Plaintiff's MCPA claim (Count III) pursuant to an exemption provision in the statute, Com. Law § 13-104(1). That provision states that the MCPA does not apply to the "professional services" of certain enumerated practitioners, including lawyers. Defendant is a law firm ostensibly engaged in professional debt-collection services (including litigation) on behalf of its client, RMI. Thus, the exemption provision would seem to shield Defendant from liability under the MCPA.

Eager to preserve her MCPA claim with its fee-shifting potential,[7] Plaintiff argues that since lawyers who engage in unlawful debt-collection activities can be held liable under the MCDCA, "it follows that the legislature also intended that they would . . . be liable for the attorneys [*sic*] fees added on to the MCDCA damages by operation of the MCPA when the basis of liability is the violation of the MCDCA." (ECF No. 18 at 6-7.) Thus, Plaintiff reasons, "the two statutes can best be harmonized by limiting the MCPA's attorney exemption to MCPA violations that are not based solely on a MCDCA violation." (*Id.* at 7.) Plaintiff adds that the MCPA by its terms requires liberal construction and application, Md. Code Ann., Com. Law

---

[7] While the MCDCA and the MCPA "each provide for an award of essentially the same type of actual damages" (ECF No. 18 at 2), the MCPA additionally authorizes an award of attorney's fees for the successful plaintiff, a perquisite not available under the MCDCA. *See Allen v. Silverman Theologou, LLP*, Civ. No. JFM-14-3257, 2015 WL 2129698, at *7 (D. Md. May 6, 2015). However, the FDCPA—a violation of which Plaintiff pleads as her Count I—also authorizes attorney's fees. *See* 15 U.S.C. § 1692k(a)(3). So even though, for the reasons explained below, the Court will dismiss Plaintiff's MCPA count, such dismissal will not necessarily bar Plaintiff from recovering attorney's fees in the event that she prevails on the merits in this litigation.

§ 13-105, and she cites *May v. Warnick*, 175 A.2d 413, 415-16 (Md. 1961), for the proposition that "in construing legislative enactments, all statutes relating to the same subject matter are to be considered and harmonized as far as possible."

But the *May* citation reveals the fatal defect in Plaintiff's argument: statutes relating to the same subject matter are harmonized *as far as possible*. The Court has no authority to override an explicit exemption built into the MCPA so as to more neatly integrate that statute with another law. Indeed, were the Court to adopt Plaintiff's position, it would violate a more fundamental precept of statutory construction: "unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language." *Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001); *see also United States v. Murphy*, 35 F.3d 143, 145 (4th Cir. 1994) ("Courts are not free to read into the language what is not there, but rather should apply the statute as written."). The Court cannot and need not speculate as to why the General Assembly of Maryland saw fit to expose lawyers to liability for actual damages under the MCDCA without also making them liable for attorney's fees under the MCPA—but the latter statute plainly "does not apply" to the "professional services of a . . . lawyer." Md. Code Ann., Com. Law § 13-104(1).

A wealth of case law reinforces the Court's interpretation of the statute.[8] *See, e.g.*, *Lembach v. Bierman*, 528 F. App'x 297, 304 (4th Cir. 2013) (per curiam) ("Attorneys are clearly not within the scope of the Act[.]"); *Combs v. Bank of Am., N.A.*, Civ. No. GJH-14-3372, 2015 WL 5008754, at *7 (D. Md. Aug. 20, 2015) ("Plaintiff fails to state a claim against [defendant law firm] under the MCPA because lawyers, acting in their professional capacity, are exempt from the MCPA."); *Murray v. Bierman, Geesing, Ward & Wood, LLC*, No. RWT 11cv1623,

---

[8] Plaintiff does not engage with any of this extensive case law. Instead, she cites two other cases, *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719 (D. Md. 2011), and *Fontell v. Hassett*, 870 F. Supp. 2d 395 (D. Md. 2012), which explore the intersection between the MCDCA and the MCPA. But neither *Bradshaw* nor *Fontell* involved a lawyer-defendant, and these cases do not address the exemptions prescribed by Md. Code Ann., Com. Law § 13-104. As such, they shed little light on the issue before the Court.

2012 WL 4480679, at *4 (D. Md. Sept. 27, 2012) ("[T]he MCPA simply does not apply to lawyers carrying out their professional services."); *see also Puffinberger v. Commercion, LLC*, Civ. No. SAG-13-1237, 2014 WL 120596, at *9 (D. Md. Jan. 10, 2014) (rejecting plaintiff's theory that the exemption does not apply to a law firm engaged in debt-collection activities). For that matter, courts in this District have construed the exemption broadly, holding that covered professionals may be exempt from MCPA liability "even when they are not acting in their specific professional capacity." *Pruitt v. Alba Law Grp., P.A.*, Civ. No. DKC 15-0458, 2015 WL 5032014, at *10 (D. Md. Aug. 24, 2015); *accord Butler v. Wells Fargo Bank, N.A.*, Civ. No. MJG-12-2705, 2013 WL 145886, at *3 (D. Md. Jan. 11, 2013); *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012), *aff'd sub nom. Lembach*, 528 F. App'x 297.[9]

Plaintiff's remaining arguments do not revive her MCPA claim. She devotes almost a full page of her memorandum to a discussion of the legislative history of the FDCPA and Congress's decision, in 1986, to eliminate the attorney exemption under that statute. (ECF No. 18 at 7-8.) Of course, the legislative history of a *federal statute* has no bearing on the correct interpretation of an unrelated Maryland law. Plaintiff also frets that exempting attorney debt collectors from MCPA liability might "create a potential loophole in the MCDCA's enforcement

---

[9] The Court is aware that the Court of Appeals of Maryland cast some doubt on this liberal interpretation of the MCPA's exemption provision in *Scull v. Groover, Christie & Merritt, P.C.*, 76 A.3d 1186 (Md. 2013). The *Scull* court held that a radiology office's medical-billing practices were not "professional services" within the meaning of the exemption. The court reached this decision after consulting the legislative history of a companion exemption directed specifically toward health care services, Md. Code Ann., Com. Law § 13-408(d), and after considering both the statutory function of the Consumer Protection Division's ("CPD") Health Education and Advocacy Unit and the CPD's longstanding view that the MCPA encompasses medical-billing practices. As the court explained, "not everything that a licensed professional does is a 'professional service.' . . . Maryland law . . . distinguishes the commercial and entrepreneurial aspects of a medical practice from the actual rendering of health care services when applying laws relating to 'professional services.'" 76 A.3d at 1196.
 *Scull* is distinguishable on its facts, as that case dealt with health care practitioners rather than lawyers and relied on extrastatutory sources not applicable in this case. More importantly, however, the reasoning of *Scull* is compatible with the Court's reasoning here. Billing practices are plainly ancillary to the primary services of a medical practitioner. Conversely, debt-collection services are the bread-and-butter of many law firms. Particularly where, as here, those debt-collection services encompass litigation, there is little doubt that such services fit squarely within the exemption under the MCPA.

mechanism which could potentially result in an increase in unscrupulous debt collection conduct by law firms." (*Id.* at 8.) Given that the exemption provision has been in place since 1974, and given that this Court is hardly the first to affirm that lawyers—including those specializing in debt collection, *see Puffinberger*, 2014 WL 120596, at *9—are shielded from MCPA liability, Plaintiff's fears seem greatly exaggerated. In any event, if Plaintiff believes that the policy goals underlying the MCDCA could be better effectuated through broader application of the MCPA's fee-shifting provision, nothing prevents her from raising that concern with her local legislator. But it is simply not the province of a federal court to intervene on matters of state statutory law where the state's lawmaking body has chosen not to do so.

Accordingly, the Court will dismiss Count III with prejudice, and this case will proceed to discovery on Counts I and II.

## IV. Conclusion

For the foregoing reasons, an Order shall enter GRANTING Defendant's Motion to Dismiss Count III (ECF No. 16).

DATED this 8th day of January, 2016.

BY THE COURT:

/s/
James K. Bredar
United States District Judge
